UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN M. BOLDEN,

    Plaintiff,

v.   Case No.:

SARASOTA COUNTY, CLERK OF
CIRCUIT COURT; KAREN E.
RUSHING, individually; and JANET
C. CANTEES, individually;

    Defendants.

**COMPLAINT FOR EQUITABLE AND INJUNCTIVE
RELIEF AND DAMAGES, AND DEMAND FOR JURY TRIAL**

Plaintiff Joan M. Bolden (hereinafter "Bolden") hereby sues Sarasota County, Clerk of Circuit Court; Karen E. Rushing, individually; and Janet C. Cantees, individually (collectively "Defendants"); and in support thereof, Bolden states as follows:

**Jurisdiction, Parties and Venue**

1. This is an action for unlawful employment practices including racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII"), the Florida Civil Rights Act of 1992, §760.10(1)(a), Fla. Stat., *et seq.* ("FCRA"), and 42 U.S.C. Section 1981 ("Section 1981") brought through 42 U.S.C Section 1983 ("Section 1983").

2. Bolden seeks equitable relief and damages including: declaratory relief and injunctive relief; promotion, or in the alternative front pay and benefits; lost pay and benefits; compensatory damages; attorneys' fees, costs and expenses; and all other relief this Court deems just and proper.

3. This Court has jurisdiction over this action pursuant to the United States Constitution, Art. III, §2, Cl. 1; 28 U.S.C. §§1331, 1343, 2201 and 2202; 42 U.S.C. §2000e-5; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Bolden is a resident of Manatee County, Florida, and a citizen of the United States of America.

5. Sarasota County, Clerk of Circuit Court ("the Clerk's Office") is a political subdivision of the State of Florida that conducts business in Sarasota County, Florida.

6. Karen E. Rushing ("Rushing") is a resident of Sarasota County, Florida, and a citizen of the United States of America. Rushing has been Sarasota County's Clerk of the Circuit Court and County Comptroller since 1987.

7. Janet C. Cantees ("Cantees") is a resident of Sarasota County, Florida, and a citizen of the United States of America. At all relevant times to this action, Cantees has been the Chief Operations Officer of the Clerk's Office.

8. At all times relevant to this action, Bolden has been an employee of Defendants and is an aggrieved person within the meaning of Title VII, the FCRA, Section 1981, and Section 1983.

9. The Clerk's Office is an employer within the meaning of Title VII, the FCRA, Section 1981, and Section 1983.

10. Rushing is an employer within the meaning of Section 1981 and Section 1983.

11. Cantees is an employer within the meaning of Section 1981 and Section 1983.

12. Venue in the Tampa Division of the Middle District of Florida is proper as the unlawful employment practices described herein occurred in Sarasota County, Florida; Bolden is a resident of Manatee County, Florida, and is employed by Defendants in Sarasota County, Florida.  28 U.S.C. §1391; Middle District Local Rule 1.04(b).

13. Bolden has met all conditions precedent and exhausted all administrative remedies prior to filing suit, including:

    a. Dual-filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on or about July 29, 2021;

    b. Receiving a Notice of Right to Sue from the EEOC within 90 days of filing this action; and

    c. Filing this action more than 180 days from the time Bolden filed her Charge of Discrimination without the FCHR issuing a determination on the charge.

## Facts

14.  As of the date of this filing, Bolden is a 52-year-old, African-American woman.

15.  Bolden has been employed with the Clerk's Office since May 11, 1992.

16.  Bolden currently holds a Court Services Manager position with the Clerk's Office.

17.  Throughout her employment, Bolden has been an exemplary employee of the Clerk's Office.

18.  During August 2010, Bolden filed a race discrimination charge with the EEOC against the Clerk's Office. During November 2010, the Clerk's Office and Bolden entered into an agreement to resolve her race discrimination claims.

19.  Bolden has filed additional EEOC Charges against the Clerk's Office since 2010. The same players who were involved in her earlier charges of discrimination are still employed with the Clerk's Office, including Rushing and Cantees, who are both Caucasian.

20.  Through public records act requests, Bolden gathered written information regarding the favorable manner in which Defendants treat Caucasian employees and the discriminatory manner in which Defendants treat African American employees. On or about June 27, 2018, Bolden filed an internal complaint with the Clerk's Office outlining the race discrimination she and other African American employees have suffered at the Clerk's Office.

21. On or about April 20, 2021, Rushing announced that she had appointed Brooke Kernan (Caucasian) to serve as Director of Court Services.

22. Before hiring for this position, Defendants did not establish internal or external application processes or inform any of the current employees of the Clerk's Office that this position was available. This prevented Bolden and other qualified African American employees from applying for the Director of Court Services position.

23. During April 2021, Bolden was well-qualified for the Director of Court Services position, including the fact that she had extensive (19+) years of progressively responsible management experience in court management in a supervisory and management capacity, including experience in procedure development, budget preparation and project leads on major court projects, which were successfully implemented. Also during April 2021, Bolden had 20 years of Human Resources experience and she had been successfully employed with the Clerk's Office for more than 29 years.

24. In addition, Bolden has a Bachelor's Degree from Eckerd College in Human Resources and she holds two Human Resources certifications.

25. Bolden believes that there were other African American employees who were qualified for the Director of Court Services position as well and who would have been interested in applying for same.

## COUNT I
## Race Discrimination in Violation of Title VII
## and the FCRA Against the Clerk's Office

26. Bolden incorporates Paragraphs 1 to 25 above as if fully set forth herein.

27. Bolden is a member of a protected class in that her race is African-American.

28. Title VII and the FCRA forbid the Clerk's Office from discriminating on the basis of an individual's race.

29. The Clerk's Office subjected Bolden to disparate treatment based upon her race in violation of Title VII and the FCRA.

30. The Clerk's Office's actions against Bolden, including the failure to promote her, constitute adverse employment actions based upon Bolden's race.

31. As a result of the Clerk's Office's unlawful actions, Bolden has suffered, and continues to suffer, past and future monetary losses, including damages in the form of lost wages and other benefits, damages to her career and to her professional and personal reputations, humiliation, emotional pain and suffering, mental anguish and stress, loss of enjoyment of life, and other non-pecuniary losses, and Bolden will likely continue to suffer these losses and impairments in the future.

32. In addition, as a result of the foregoing actions, Bolden retained the undersigned law firm to which she is obligated to pay reasonable attorneys' fees, costs and expenses.

33. Bolden is entitled to recover her attorneys' fees, costs and other litigation expenses from the Clerk's Office if she prevails in this action pursuant to Title VII and the FCRA.

**WHEREFORE,** Bolden respectfully requests that this Court:

A. Enter a judgment in favor of Bolden and against the Clerk's Office declaring that it unlawfully discriminated against Bolden in violation of Title VII and the FCRA; and/or

B. Promote Bolden to a Director of Court Services position or another appropriate, comparable position; and/or

C. In the alternative to promotion, award Bolden front pay and benefits; and/or

D. Award Bolden lost pay and benefits; and/or

E. Award Bolden nominal, general, compensatory, and all other damages as provided under Title VII and the FCRA; and/or

F. Award Bolden injunctive relief, including but not limited to requiring the Clerk's Office to effectively plan, develop, undertake, implement, and monitor a plan designed to ensure that its employees are not subjected to discrimination, including but not limited to training for employees and management, and for this Court to retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

G. Award Bolden pre-judgment and post-judgment interest; and/or

H. Award Bolden her costs, expenses, and attorneys' fees pursuant to the provisions of Title VII and the FCRA; and

I. Grant such additional relief as this Court deems just and proper.

## COUNT II
### Retaliation in Violation of Title VII and the FCRA Against the Clerk's Office

34. Bolden incorporates Paragraphs 1 to 25 above as if fully set forth herein.

35. Title VII and the FCRA forbid the Clerk's Office from retaliating against employees for engaging in protected activity.

36. Bolden engaged in protected activity when she opposed and complained of unlawful racial discrimination and retaliation.

37. Bolden suffered an adverse employment action when the Clerk's Office did not promote her to the Director of Court Services position.

38. The actions as fully set forth above were taken in retaliation for Bolden's complaints about, objections to and/or opposition to her protected activity and discriminatory treatment, violated Title VII and the FCRA, and negatively affected the terms, conditions, and privileges of Bolden's employment in violation of Title VII and the FCRA.

39. The Clerk's Office's actions are the type that are reasonably likely to dissuade protected activity by Bolden and/or other employees, and therefore constitute retaliation in violation of Title VII and the FCRA.

40. As a result of the foregoing actions, Bolden suffered lost wages and benefits, loss of enjoyment of life, loss of dignity, emotional distress, mental anguish, and other intangible injuries, and has incurred reasonable attorneys' fees, costs, and expenses, and she will continue to suffer these damages in the future.

41. In addition, as a result of the foregoing actions, Bolden retained the undersigned law firm to which she is obligated to pay reasonable attorneys' fees, costs, and expenses.

42. Bolden is entitled to recover her attorneys' fees, costs, and other litigation expenses from the Clerk's Office if she prevails in this action pursuant to Title VII and the FCRA.

**WHEREFORE,** Bolden respectfully requests that this Court:

A. Enter a judgment in favor of Bolden and against the Clerk's Office declaring that it unlawfully retaliated against Bolden in violation of Title VII and the FCRA; and/or

B. Promote Bolden to a Director of Court Services position or another appropriate, comparable position; and/or

C. In the alternative to promotion, award Bolden front pay and benefits; and/or

D. Award Bolden lost pay and benefits; and/or

E. Award Bolden nominal, general, compensatory, and all other damages as provided under Title VII and the FCRA; and/or

  F. Award Bolden injunctive relief, including but not limited to requiring the Clerk's Office to effectively plan, develop, undertake, implement, and monitor a plan designed to ensure that its employees are not subjected to retaliation, including but not limited to training for employees and management, and for this Court to retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

  G. Award Bolden pre-judgment and post-judgment interest; and/or

  H. Award Bolden her costs, expenses, and attorneys' fees pursuant to the provisions of Title VII and the FCRA; and

  I. Grant such additional relief as this Court deems just and proper.

## COUNT III
## Race Discrimination Under Section 1981
## Brought Through Section 1983
## Against All Defendants

43. Bolden incorporates Paragraphs 1 to 25 above as if fully set forth herein.

44. Bolden is a member of a protected class in that her race is African-American.

45. Section 1981 brought through Section 1983 forbids Defendants from discriminating on the basis of an individual's race.

46. Defendants subjected Bolden to disparate treatment based upon her race in violation of Section 1981 brought through Section 1983.

47. The discrimination that Bolden suffered was pursuant to an official policy or custom of Defendants.

48. Defendants' actions against Bolden, including the failure to promote her, constitute adverse employment actions based upon Bolden's race.

49. As a result of Defendants' unlawful actions, Bolden has suffered, and continues to suffer, past and future monetary losses, including damages in the form of lost wages and other benefits, damages to her career and to her professional and personal reputations, humiliation, emotional pain and suffering, mental anguish and stress, loss of enjoyment of life, and other non-pecuniary losses, and Bolden will likely continue to suffer these losses and impairments in the future.

50. In addition, as a result of the foregoing actions, Bolden retained the undersigned law firm to which she is obligated to pay reasonable attorneys' fees, costs, and expenses.

51. Bolden is entitled to recover her attorneys' fees, costs, and other litigation expenses from Defendants if she prevails in this action pursuant to Section 1981 brought through Section 1983.

**WHEREFORE,** Bolden respectfully requests that this Court:

A. Enter a judgment in favor of Bolden and against all Defendants declaring that they unlawfully discriminated against Bolden in violation of Section 1981 brought through Section 1983; and/or

B. Promote Bolden to a Director of Court Services position or another

  appropriate, comparable position; and/or

C. In the alternative to promotion, award Bolden front pay and benefits; and/or

D. Award Bolden lost pay and benefits; and/or

E. Award Bolden nominal, general, compensatory, and all other damages as provided under Section 1981 brought through Section 1983; and/or

F. Award Bolden injunctive relief, including but not limited to requiring all Defendants to effectively plan, develop, undertake, implement, and monitor a plan designed to ensure that their employees are not subjected to discrimination, including but not limited to training for employees and management, and for this Court to retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

G. Award Bolden pre-judgment and post-judgment interest; and/or

H. Award Bolden her costs, expenses and attorneys' fees pursuant to the provisions of Section 1981 brought through Section 1983; and

I. Grant such additional relief as this Court deems just and proper.

## COUNT IV
### Retaliation Under Section 1981 Brought Through Section 1983 Against All Defendants

52. Bolden incorporates Paragraphs 1 to 25 above as if fully set forth herein.

53. Section 1981 brought through Section 1983 forbids Defendants from retaliating against employees for engaging in protected activity.

54. Bolden engaged in protected activity when she opposed and complained of unlawful racial discrimination and retaliation.

55. Bolden suffered an adverse employment action when Defendants did not promote her to the Director of Court Services position.

56. The actions as fully set forth above were taken in retaliation for Bolden's complaints about, objections to and/or opposition to her protected activity and discriminatory treatment, violated Section 1981 brought through Section 1983 and negatively affected the terms, conditions, and privileges of Bolden's employment in violation of Section 1981 brought through Section 1983.

57. Defendants' actions are the type that are reasonably likely to dissuade protected activity by Bolden and/or other employees, and therefore constitute retaliation in violation of Section 1981 brought through Section 1983.

58. The retaliation that Bolden suffered was pursuant to an official policy or custom of Defendants.

59. As a result of the foregoing actions, Bolden suffered lost wages and benefits, loss of enjoyment of life, loss of dignity, emotional distress, mental anguish and other intangible injuries, and has incurred reasonable attorneys' fees, costs and expenses, and she will continue to suffer these damages in the future.

60. In addition, as a result of the foregoing actions, Bolden retained the undersigned law firm to which she is obligated to pay reasonable attorneys' fees, costs, and expenses.

61. Bolden is entitled to recover her attorneys' fees, costs, and other litigation expenses from Defendants if she prevails in this action pursuant to Section 1981 brought through Section 1983.

**WHEREFORE,** Bolden respectfully requests that this Court:

A. Enter a judgment in favor of Bolden and against all Defendants declaring that they unlawfully retaliated against Bolden in violation of Section 1981 brought through Section 1983; and/or

B. Promote Bolden to a Director of Court Services position or another appropriate, comparable position; and/or

C. In the alternative to promotion, award Bolden front pay and benefits; and/or

D. Award Bolden lost pay and benefits; and/or

E. Award Bolden nominal, general, compensatory, and all other damages as provided under Section 1981 brought through Section 1983; and/or

F. Award Bolden injunctive relief, including but not limited to requiring Defendants to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that its employees are not subjected to retaliation, including but not limited to training for employees and

management, and for this Court to retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

G. Award Bolden pre-judgment and post-judgment interest; and/or

H. Award Bolden her costs, expenses and attorneys' fees pursuant to the provisions of Section 1981 brought through Section 1983; and

I. Grant such additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

62. Bolden demands a trial by jury on all issues so triable.

Dated this 9th day of March, 2023.

Respectfully submitted,

s/ Janet E. Wise
Janet E. Wise, Esquire
Florida Bar No.: 0964654
**SASS LAW FIRM**
601 West Dr. Martin Luther King, Jr. Blvd.
Tampa, Florida 33603
Tel: (813) 251-5599
Fax: (813) 259-9797
**DESIGNATION OF E-MAIL SERVICE**:
**Primary:**   jwise@sasslawfirm.com
**Secondary:**   bcruz@sasslawfirm.com
        reception@sasslawfirm.com
Attorney for Plaintiff