UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN M. BOLDEN,

    Plaintiff,

v.                                    Case No. 8:23-cv-531-SDM-LSG

KAREN E. RUSHING, in her
official capacity as Clerk of the
Circuit Court and Comptroller
of Sarasota County,

    Defendant.
_____/

## ORDER

A pretrial conference occurred before me on June 30, 2025. Lead counsel for the parties, as well as client representatives, attended the virtual proceeding. Docs. 123, 139, 140.[1] The case management and scheduling order says that "any dispute about discovery, the witness list, or the exhibit list requires judicial resolution at or before the pre-trial conference—not at trial." Doc. 31. Accordingly, the defendant identified several exhibits to which the defendant objects, in part, based on the plaintiff's alleged failure to disclose those documents in discovery, which closed on June 12, 2024. Docs. 25, 31.

**I.**     **Applicable law and analysis**

Under Rule 37(c), Federal Rules of Civil Procedure, "[i]f a party fails to

---

[1] I convened the parties again on July 1, 2025, to discuss further the matters raised at the pretrial conference.

1

provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." The party seeking to invoke the preclusion sanction "must first prove that the opposing party violated Rule 26(a) or 26(e) by failing to disclose the evidence in question earlier in the proceedings." 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (3d ed. 2025). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non[-]disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997). A failure to disclose an item as required by Rule 26(a) and Rule 26(e) is harmless if the party entitled to receive the disclosure suffers no prejudice. *Sharfman v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 3103606, at *2 (M.D. Fla. May 20, 2024).

    *i.* *Items attached to Bolden's declaration in opposition to summary judgment.*

The objectionable exhibits fall into several categories. The first includes documents that the plaintiff allegedly failed to disclose during discovery but that were attached to the plaintiff's declaration in opposition to summary judgment filed on August 12, 2024. Doc. 103. This includes plaintiff's exhibit numbers 80, 83–86,

2

93, 96, 100, 102, 126-128, 131, 134-147, 151-158, 163–166, 170–174, 176–177, 185–186, 190, 194, 198-200, 208, 210, 212–213, 215, and 261–262. Doc. 134-2. The plaintiff seemed to concede at oral argument that some or all of these exhibits may not have been exchanged in discovery but argues that the error was harmless because the defendant received notice of them through her declaration, which she filed nearly a year ago. The defendant argues prejudice based on the lack of an opportunity to obtain further discovery on these items, including through the deposition of the plaintiff.

Although the plaintiff failed to disclose the items in discovery, the defendant received them on August 12, 2024, and raised no objection to the plaintiff's using the documents in response to summary judgment. The preclusion sanction under Rule 37(c), although intended to be self-executing, requires proof of a violation, no substantial justification, and some harm. *See Knight through Kerr*, 856 F.3d at 812. Here, even if the plaintiff failed to disclose the documents within the discovery period, the plaintiff demonstrates that the defendant received sufficient notice of the documents such that the error was harmless or that the preclusion sanction was waived. Accordingly, I find that preclusion is unwarranted. The defendant's objection under Rules 26 and 37 to these exhibits is **OVERRULED**.

        ii.    *Items received from post-discovery period to public records requests.*

The next category includes items received in response to public records requests by the plaintiff to the defendant's Public Access Department, which

3

provides public access to records held by the Clerk and Comptroller.[2] Both requests occurred after the close of discovery. The first public records request occurred on July 17 and July 18, 2024, and the Public Access Department responded on July 26, 2024. Doc. 134-2 at 36. The request sought personnel files, background checks, and employment-related claims, among other things. Exhibit numbers 181, 184, 189, 207, 209, and 265 appear to be associated with this request. At oral argument, the plaintiff explained that the purpose of the request was to follow up on discovery disclosures by the defendant (to ensure completeness) and on information learned in depositions. The plaintiff asserts that the items received in response to this request were within the scope of the discovery requests to the defendant but had not been produced. Defense counsel was unaware of whether she received these items contemporaneously from the defendant but explains that she learned for the first time on June 13, 2025, that the plaintiff planned to rely on the documents at trial.

The next public records request occurred on June 9, 2025, and the Public Access Department responded on June 16, 2025. Doc. 134-2 at 37. Defense counsel contemporaneously received a copy of the response. The documents included a "Total Rewards Summary" from 2023 and 2024, which the plaintiff proffers are payroll documents showing retirement contributions. The exhibits associated with this request are plaintiff's exhibit numbers 273, 274, and 275. Doc. 134-2 at 37-38.

---

[2] "Public Access," CLERK OF THE CIRCUIT COURT AND COUNTY COMPTROLLER OF SARASOTA COUNTY, FLORIDA, https://www.sarasotaclerk.com/records/public-records-access#:~:text=Search%20civil%2C%20criminal%2C%20family%2C,made%20by%20credit%20card;%20or (last visited Jul. 1, 2025).

The latter two exhibits contain salary and bonus information for the plaintiff and for the individual who received the promotion at issue in the complaint. According to the plaintiff, these documents include information about retirement contributions that was not provided in discovery. The plaintiff explains that she requested and received payroll records from the defendant in discovery (with some supplementation thereafter) but that those records showed retirement contributions through 2022 only, and the plaintiff's claim for back pay runs through the middle of 2024.

No question exists that the plaintiff failed to timely disclose these items as required by Rules 26(a) and 26(e), as well as the case management and scheduling order. Doc. 31. The issue is whether this failure is substantially justified or harmless. The facts proffered by the plaintiff suggest that the error is harmless because the documents are within the scope of the plaintiff's discovery requests to the defendant, are similar in subject and extent to those produced in discovery, and were produced by an agent of the defendant in response to a public records request. Courts routinely decline to compel production of documents "in the hands of one party when the material is equally available" to the other party, especially if the document is a public record. *Doe v. City of Miami Gardens*, No. 18-cv-21381-UU, 2019 WL 3312535, at *2 (S.D. Fla. Mar. 29, 2019). Because the documents are public records within the defendant's control, this diminishes the argument that their use at trial is harmful. *Id.* at *2 (explaining that a party's non-disclosure is substantially justified if the information at issue may be available in the public record). Based on the limited record presented by the parties, I find that the plaintiff's failure to disclose appears

harmless, and therefore the defendant's objection under Rules 26 and 37 to these exhibits is **OVERRULED**.

                iii.     *Illustrative aids, public web site information, and Exhibit 252.*

The defendant objects to plaintiff's exhibit numbers 276, 277, 278, 279, 280, 281, 282, 283, 284, and 285, which the plaintiff describes as illustrative aids under Rule 107, Federal Rules of Evidence, and as summaries under Rule 1006. The documents underlying these illustrative aids and summaries are the salary, bonus, and retirement contribution items produced by the defendant's Public Access Department on June 16, 2025. Because of my finding that the plaintiff's failure to disclose these records is harmless, the defendant's objection to these exhibits under Rules 26 and 37 is **OVERRULED**.

The defendant objects to exhibit numbers 238, 269–272, which the plaintiff says were printed from the Florida Retirement System web site to show the contribution rates throughout the plaintiff's damages period. Because these documents are a matter of public record, I find that the failure to disclose is harmless. Therefore, the defendant's objection under Rules 26 and 37 is **OVERRULED**.

Finally, the defendant objects under Rules 26 and 37 to exhibit number 252. After further discussion, the defendant withdraws this objection but, as with every other exhibit, reserves all other objections to admissibility.

## II. Conclusion

Accordingly, as explained above, the defendant's objections under Rules 26 and 37 to plaintiff's exhibit numbers 80, 83, 84, 85, 86, 93, 96, 100, 102, 126, 127, 128, 131, 134, 135, 136, 137,138, 139, 140, 141, 143, 144, 145, 146, 147, 151, 152, 153, 154, 155, 156, 157, 158, 163, 164, 165, 166, 170, 171, 172, 173, 174, 176, 177, 181, 183, 184, 185, 186, 189, 190, 194, 198, 199, 200, 207, 208, 209, 210, 212, 213, 215, 238, 261, 262, 265, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, and 285 are overruled, and the defendant's request to preclude introduction of these exhibits at trial under Rule 37(c) is **DENIED**. This order resolves only the defendant's discovery-related objections to the plaintiff's exhibits. Every other objection remains for resolution by the trial judge.

**ORDERED** in Tampa, Florida, on this 1st day of July, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge